**In Re Anonymous No. 77 D.B. 83**

Disciplinary Board Docket No. 77 D.B. 83.

ELLIOTT, *Member,* December 10, 1984—

## REPORT OF DISCIPLINARY BOARD

Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania files this report in the appeal of the Office of Disciplinary Counsel in the above captioned matter.

## I. HISTORY OF PROCEEDINGS

The Office of Disciplinary Counsel (petitioner) filed a petition for discipline against [respondent] (respondent) alleging violations of D.R.s 1-102(A)(3)-(6)* of the Disciplinary Rules of the Code of Professional Responsibility. The charges were based on respondent's filing of pleadings in 1979 containing known misrepresentations of fact, under oath, in a lawsuit brought against respondent in the courts of the State of Illinois.

Respondent filed an answer to the petition for discipline, admitting that he engaged in conduct involving misrepresentation pursuant to D.R. 1-102(A)(4). Respondent denied the remaining charges of misconduct.

At the formal hearing before a hearing committee on May 7, 1984, petitioner presented a stipulation of facts and exhibits. Respondent testified on his own behalf and presented character witnesses and additional exhibits. Briefs for both parties were submit-

---

*D.R. 1-102(A) "Misconduct" states, in pertinent part: (A) A lawyer shall not: (1) Violate a Disciplinary Rule. (2) Circumvent a Disciplinary Rule through actions of another. (3) Engage in illegal conduct involving moral turpitude. (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. (5) Engage in conduct that is prejudicial to the administration of justice. (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

ted. The hearing committee found respondent violated D.R. 1-102(A)(4) & (5) and recommended that respondent receive a private informal admonition by Disciplinary Counsel pursuant to Pa. R.D.E. 204 (a)(6). Disciplinary Counsel appealed urging that an informal admonition was insufficient discipline and a violation of D.R. 102 (A)(3) should have been found. Disciplinary Counsel seeks public censure of respondent.

## II. FINDINGS OF FACTS

For the following reasons, the oral argument panel unanimously recommends a private reprimand for respondent.

1. Respondent was born on February 5, 1947. He is a 1976 graduate of [    ] University Law School and was admitted to practice in the Commonwealth of Pennsylvania on or about April 26, 1976. He is an associate in the firm of [    ].

2. In or about February, 1978, respondent opened a commodities trading account ("the account") with a commodities brokerage company, [A], of Chicago, Illinois through [B] in [A's] [    ] office. The account was no. [    ].

3. At the time respondent opened the account with [A], he deposited the sum of $6,000 in the account.

4. Thereafter, during the period February through November, inclusive, 1978, respondent engaged in a series of commodity trades through the account at [A]. Respondent's account originally showed a profit. However, in November, 1978, respondent lost all of the $6,000 initially deposited therein plus an additional $6,583.50.

5. Each of the aforesaid trades was reflected and documented by the issuance by [A] of a Combined Commodities Statement (the statements).

6. The statements, pursuant to [A's] policy, custom and habit, were prepared in three copies of facsimiles. One copy was mailed to respondent as the customer, one copy was mailed to the broker or salesman at [A] with whom respondent dealt and one copy was retained at [A's] main office in Chicago.

7. As a result of the losses in the account, the [    ] office of [A], by letter dated November 27, 1978, began efforts to collect the $6,583.50.

8. By mailgram dated November 30, 1978 [A] again communicated with respondent concerning the aforesaid negative balance of $6,583.50 in the account.

9. By speedletter dated December 1, 1978, respondent replied to [A], but did not pay the balance demanded.

10. By letter dated December 5, 1978, [A] again wrote to respondent regarding the negative balance of $6,583.50 in respondent's account, sending the letter to respondent's home address and a copy to his office. Both were sent by certified mail, return receipt requested.

11. Respondent did not reply to [A's] letter dated December 5, 1978.

12. Respondent did not pay the $6,583.50 negative balance in the account. Accordingly, on January 31, 1979, the company instituted suit by complaint against respondent in Kane County, Illinois, to [A] v. [Respondent], no. [    ].

13. Following the filing of the aforesaid complaint, [A] caused service of a copy of the complaint to be made on respondent in July 1979.

14. Upon receiving a copy of the aforesaid complaint, respondent filed preliminary objections thereto. In those preliminary objections he claimed:

A. That he was not the party who had incurred the debt in question;

B. That he did not understand the nature of the suit;

C. That he was not familiar with [A];

D. That service of the complaint has been made on an erroneous party; and

E. That the signature on the contract attached to the complaint was not his.

15. The aforesaid allegations contained in respondent's preliminary objections were verified by respondent's affidavit in which he swore under oath that said allegations were true.

16. The signatures which appear on the aforesaid preliminary objections and the affidavit thereto were placed on said documents by respondent.

17. At the time respondent signed the preliminary objections and the affidavit attached thereto he knew that the allegations which he had made therein, as summarized in paragraphs 14A-E hereinabove were false.

18. Because of a possible technical defect in the service of the complaint on respondent, [A's] attorney moved in the Kane County courts to have the aforesaid complaint reinstated and caused a copy of that motion to be served on respondent.

19. In response to [A's] motion to reinstate respondent filed a reply.

20. The allegations in respondent's reply to the aforesaid motion to reinstate were verified by respondent's affidavit in which he swore under oath that the allegations set forth in the reply were true.

21. Signatures which appear on both the aforesaid reply and affidavit thereto were placed on those documents by respondent.

22. At the time respondent signed the reply and the affidavit attached thereto, he knew that the alle-

gations of his prior preliminary objections, which he incorporated by reference in this reply, were misrepresentations.

23. After respondent filed his answer in the Kane County courts to the aforesaid motion to reinstate, [A] ceased pursuing the action against respondent in the Illinois courts and forwarded the claim against respondent to the office of [C].

24. [D], Esq. an attorney employed by [C], filed suit against respondent in the Court of Common Pleas of [ ] County to [A] v. [Respondent], no. [ ], and caused service of the complaint to be made on respondent.

25. During the course of the aforesaid [ ] County litigation, respondent and [D] settled the claim for $1,000.

26. Respondent admits that his conduct as charged in the petition for discipline constitutes a misrepresentation in violation of D.R. 1-102(A)(4).

27. Respondent contends his actions were committed in the heat of anger because he believed his commodities account was traded without his authorization or knowledge.

28. Respondent is a member of the [ ] Bar Association, the [ ] County Bar Association, the Pennsylvania Bar Association, and the American Bar Association.

29. In the [ ] Bar Association, respondent has been active in the [ ] Committee and the [ ] Committee. In the American Bar Association, respondent is active on the [ ] Committee.

30. Respondent also recently wrote a law review article that was published in the International Law Journal.

31. Respondent is also a member of the [ ] Bar Association.

32. Respondent has no prior record of professional misconduct and the present proceeding is the first and only time there have been allegations of professional misconduct.

33. Respondent, besides his legal and professional activities, has been active in the community. He has been involved with the [ ] Boosters, the Knights of Columbus, the [ ] Society of [ ] County and the [ ] County Estate Planning Council. Further, respondent has been active with the Democratic Party in [ ].

34. Once respondent received notice of the present charges in September of 1983, he cooperated completely with the investigation of the Office of Disciplinary Counsel including admitting he violated D.R. 1-102(A)(4) charging him with misrepresentation.

35. A number of lawyers and lay persons testified favorably to respondent's character.

36. Except for the present allegations wherein respondent has admitted his misconduct, respondent has an excellent reputation both in the legal community and among his neighbors and friends.

37. Respondent testified the present misconduct is an isolated and aberrational instant and he has never, on any other occasion, given a false affidavit.

38. Respondent assured the committee that the present misconduct will never occur again.

39. Respondent fully admitted his misconduct and was sincerely repentant and ashamed of it.

## III. DISCUSSION

The essential facts of this case are not in dispute. This matter was tried on stipulation before the hearing committee, and the focus of the hearing committee and this board is on the appropriate disci-

pline for respondent. Initially, we agree with the hearing committee in finding violations of D.R. 1-102(A)(4) and D.R. 1-102(A)(5).

The dispute on appropriate discipline seems to be one of degree. Respondent requested, and the hearing committee recommended an informal admonition. While Disciplinary Counsel concedes that a suspension is not appropriate, it seeks public discipline. We conclude that a private reprimand is the appropriate discipline.

Respondent admittedly filed false pleadings with the court on two separate occasions. Respondent also attempted to disguise his signature to conceal his falsehoods. This conduct constitutes a serious breach of respondent's professional responsibility.

We recognize that "punishment is not the primary function of the disciplinary system." Office of Disciplinary Counsel v. Lucarini, 405 Pa. 271, 472 A.2d 186, 190 (1983). However, to protect the public, the discipline must be of such a nature as to impress on respondent the magnitude of his wrongdoing. In this case, an informal admonition, the least severe form of discipline is clearly insufficient.

On the other hand, public discipline seems overly severe in this case, particularly since no suspension is warranted. Respondent is a relatively young attorney, who is apparently sincerely contrite and who has no record of other disciplinary violations. The record demonstrates that this was an isolated incident with little danger of repetition. Placing the stigma of public censure on respondent's career would be punitive and without purpose.

We conclude that a private reprimand administered by the Displinary Board will reflect the gravity of respondent's conduct and properly impress on respondent the need for scrupulous conformity to professional ethics.

## IV. CONCLUSION

For all of the foregoing reasons, it is the determination of the board that respondent receive a private reprimand. Furthermore, pursuant to Rule 208(g)(2) of the Pennsylvania Rules of Disciplinary Enforcement, respondent is directed to pay the costs incurred in the investigation and prosecution of this matter.

## ORDER

DANIELS, *Chairman,* And now, this November 28, 1984, the report and recommendation of hearing committee [   ] is rejected; and it is ordered and decreed, that the said [Respondent] of [   ] be subjected to a private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs to be paid by respondent.